**REVISED May 11, 2017**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 16-50542

---

MONICA REYES, as next friend of E.M.

Plaintiffs - Appellants

v.

MANOR INDEPENDENT SCHOOL DISTRICT,

Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2017

Lyle W. Cayce
Clerk

---

Appeal from the United States District Court
for the Western District of Texas

---

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

The mother of E.M. brought this suit alleging that the Manor Independent School District violated E.M.'s rights under the Individuals with Disabilities Education Improvement Act (IDEA) and section 504 of the Rehabilitation Act. 20 U.S.C. §§ 1400 *et seq.*; 29 U.S.C. § 794. The district court held that the majority of E.M.'s IDEA claims are barred by the one-year statute of limitations period and that E.M. failed to administratively exhaust his Rehabilitation Act 504 claims. We agree and therefore AFFIRM.

## I.

The IDEA was enacted to ensure that children with disabilities receive a "free appropriate public education that emphasizes special education and related services designed to meet their unique needs."  20 U.S.C. § 1400(d)(1)(A).  To that end, a child's education "must be tailored to each disabled child's needs through an 'individualized education program'." *El Paso Indep. Sch. Dist. v. Richard R.*, 567 F. Supp. 2d 918, 925 (W.D. Tex. 2008). Parents are given the authority to enforce their child's IDEA rights, but that authority transfers to the child when he turns 18.  TEX. EDUC. CODE. § 29.017(a); 34 C.F.R. § 300.520(a)(1)(ii).

Although a child's rights flow from the federal statute, states are given authority to set up the enforcement procedures for achieving the IDEA's goals. 20 U.S.C. § 1415(a).  That includes the ability to set the statute of limitations for IDEA claims.  *Id.* § 1415(b)(6)(B).  In Texas, a child's parent—or the child if he is over 18—may initiate a due process hearing if the parent believes the child's rights under the IDEA are being violated.  19 TEX. ADMIN. CODE § 89.1151(a).  That hearing must be brought within one year of the date that the parent knew or should have known about the alleged action that serves as the basis for the complaint.  *Id.* § 89.1151(c).  That time limit may be tolled if the parent can show that the delay was caused by: "(1) specific misrepresentations by the public education agency that it had resolved the problem forming the basis of the due process complaint; or (2) the public education agency's withholding of information from the parent that was required by [federal regulations] to be provided to the parent."  *Id.* § 89.1151(d).

## II.

E.M. was a student at Manor Independent School District, which he started attending about a week before he turned 18 on August 18, 2010.  E.M.

has severe intellectual disabilities and autism, with psychiatric evaluations placing his developmental age at around three years old. This made him eligible for special education under federal law, 20 U.S.C. §§ 1400 *et seq.*, and he was placed in a special education program in the District.

While attending school in the District, E.M. was aggressive towards staff and harmed himself. In response, the District repeatedly met with E.M.'s parents to collaborate on ways to help E.M. improve. Following the last of these meetings in May 2012, however, E.M.'s parents notified the District that E.M. would be transferring to a specialized school for severely impaired students.

In February 2013, E.M.'s mother requested a due process hearing. *See* 20 U.S.C. § 1415(b)(6). The District challenged her authority to bring the due process complaint, pointing out that she did not have the capacity to file suit on behalf of her son who had turned 18 in 2010. As with other legal claims, rights under the IDEA must be asserted by the individual possessing those rights once the person has reached the age of majority unless another party has been appointed to legally assert those rights. TEX. EDUC. CODE. § 29.017(a); 20 U.S.C. § 1415(m)(2). E.M.'s parents corrected this defect by April 2013, when they obtained a state court order finding E.M. incompetent and appointing them to be his guardian.

That allowed the hearing to proceed. The administrative complaint alleged a number of IDEA violations against the District, including physical abuse by the staff and failure to provide E.M. with appropriate education services. Although that complaint initially included claims under section 504 of the Rehabilitation Act, the prehearing request for relief did not mention those claims. 29 U.S.C. § 794. In her decision, the Special Education hearing officer thus did not discuss the Rehabilitation Act claims. As to the IDEA

claims, the hearing officer found that most of them were barred by the one-year statute of limitations for seeking due process hearings. 19 TEX. ADMIN. CODE § 89.1151(c). But in a ruling favorable to E.M., she considered the operative date of the hearing request to be the February 2013 date on which his mother filed the complaint even though she was not appointed as his guardian until two months later. Even with that determination allowing the claim to reach back to February 2012, the complaint covered only three months when E.M. was a student at the District. Limiting her review to that time period, the hearing officer found that the District did not violate E.M.'s IDEA rights.

E.M.'s mother then filed this suit on his behalf. The complaint alleges a number of procedural and substantive causes of action under the IDEA and Rehabilitation Act. 20 U.S.C. § 1415(i)(2). The District filed a motion for judgment on the administrative record, which the district court granted. E.M. appeals, arguing: 1) that the district court erred in holding that the majority of his claims were barred by the statute of limitations, and 2) that the district court erred in holding that his Rehabilitation Act claims were not exhausted. We review *de novo* these questions of law. *S.H. ex rel. A.H. v. Plano Indep. Sch. Dist.*, 487 F. App'x. 850, 862 (5th Cir. 2012); *Atkins v. Kempthorne*, 353 F. App'x 934, 936 (5th Cir. 2009).

## III.

In arguing that the hearing officer should have considered allegations reaching back further in time, E.M. cites the following provision in the IDEA:

> If, under State law, a child with a disability who has reached the age of majority under State law, who has not been determined to be incompetent, but who is determined not to have the ability to provide informed consent with respect to the educational program of the child, the State shall establish procedures for appointing the parent of the child, or if the parent is not available, another

appropriate individual, to represent the educational interests of the child throughout the period of eligibility of the child under this subchapter.

20 U.S.C. § 1415(m)(2); 34 C.F.R. § 300.520(b).

For a number of reasons, this statute does not help E.M avoid the hearing officer's limitations ruling. First, although the federal statute requires states to set up this procedure, Texas has not done so. Whatever recourse exists to have Texas comply with the federal obligation, there is no authority allowing E.M. the benefit of this statute when there was no procedural mechanism through which he could seek a determination that he did not "have the ability to provide informed consent with respect to the educational program." 20 U.S.C. § 1415(m)(2). Second, the failure of Texas to establish this procedure did not prevent E.M.'s parent from earlier obtaining a determination of incompetency from Texas courts, which, as their subsequent efforts showed, would have allowed them to seek an IDEA due process hearing on his behalf. Indeed, section 1415(m)(2) seems aimed at persons who are not incompetent but possess a lesser degree of diminished capacity that still prevents them from providing informed consent with respect to their education. *Id.* For those like E.M. who are incompetent, states have longstanding procedures for appointing guardians. Third, the hearing officer essentially excused the mother's lack of capacity to request a due process hearing as of the time of filing by using that filing date as the operative date once she later was appointed E.M.'s guardian. So the mother's lack of capacity, the problem section 1415(m)(2) seeks to address, did not prejudice E.M.

In another attempt to have his claim reach further back in time, E.M. urges us to apply a Texas provision that tolls the limitations period for filing a lawsuit when a person is "of unsound mind." TEX. CIV. PRAC. & REM. CODE § 16.001(a)-(b). But the district court was correct in holding that we cannot

5

borrow a limitations provision from a different state statute when the legislature of Texas set up a specific limitations scheme for IDEA due process hearings.[1] 19 TEX. ADMIN. CODE § 89.1151; *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2071 (2012) ("It is a commonplace of statutory construction that the specific governs the general.") (alteration omitted). Indeed, the IDEA allows a state to alter the limitations period governing the federal claim only when the state delineates an "*explicit* time limitation for presenting such a complaint." 20 U.S.C. § 1415(b)(6)(B) (emphasis added). And the IDEA subjects any state limitations period to the two federal tolling provisions involving the school making misrepresentations or withholding information. *Id*. § 1415(f)(3)(D). There is nothing in the IDEA that incorporates general state tolling provisions like section 16.001(a).[2]

Even if the IDEA did allow recourse to the general state tolling provision for persons suffering from legal disabilities, it does not appear to apply to a case like this one brought by a legal representative of the disabled person. The state statute tolls the limitations period during an earlier period of disability in a suit brought by the formerly disabled person once that legal incapacity has been removed (a minor who has reached majority status or a formerly

---

[1] E.M. also references Texas Estates Code section 22.016, which defines "incapacitated person" under the Estates Code. Despite E.M.'s assertion to the contrary, that section does not "toll all statute of limitations for an incapacitated person," or mention statute of limitations at all. Even if section 22.016 did toll all statute of limitations for an incapacitated person under the Estates Code, we still could not borrow another statute's limitation period when Texas has set up a different limitations scheme for IDEA claims.

[2] The history of the IDEA's limitation provision reinforces this view. Before the limitations provision of section 1415(b)(6)(B) was added, the IDEA was silent as to limitations so courts borrowed from the most analogous state claim. *See, e.g.*, *Verginia McC ex rel. Mr. & Mrs. McC v. Corrigan–Camden Indep. Sch. Dist.*, 909 F. Supp. 1023, 1033 (E.D. Tex. 1995). By amending the statute to add a limitations period of two years unless the state "explicit[ly]" provides otherwise, the statute incorporates state law in a limited manner. 20 U.S.C. § 1415(b)(6)(B).

incompetent person who was been rendered competent). *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex. 1993) (*citing Johnson v. McLean*, 630 S.W.2d 790, 793 (Tex. App.--Houston [1st. Dist. 1982], no writ)). We have found no cases allowing this provision to toll the limitations period in suits brought by legal representatives for whom the disability is not a bar to bringing suit.

The district court was therefore correct in holding that most of the IDEA claims fell outside the one-year window. And E.M. does not appeal the district court's determination that the allegations that are timely fail to establish IDEA violations.

## IV.

E.M. asserts that the district court erred in holding that his Rehabilitation Act claims were not exhausted. The IDEA requires administrative exhaustion not just of claims arising under it, but also of Rehabilitation Act claims that overlap with the IDEA. *See* 20 U.S.C. § 1415(l). In the district court, E.M. argued only that he exhausted his administrative claims under the Rehabilitation Act by pleading those claims before the hearing officer. Exhaustion requires more than pleading a claim, however; it requires "findings and decision" by the administrative body. *See* 20 U.S.C. § 1415(g). The district court was correct in holding that E.M. failed to exhaust his Rehabilitation Act claims by only pleading those claims, because he did not address them in his prehearing request for relief or otherwise obtain any decision on them from the hearing officer.

For the first time on appeal, E.M. contends that exhaustion of his Rehabilitation Act claims would have been futile. That is because, he alleges, they are derived from events outside of the limitations period for his IDEA claims and would not have been considered by the hearing officer. It is true that administrative exhaustion generally is not required if bringing those

7

claims would be futile. *Honig v. Doe*, 484 U.S. 305, 327 (1988); *Gardner v. Sch. Bd. Caddo Par.*, 958 F.2d 108, 111–12 (5th Cir. 1992). But even if exhausting the Rehabilitation Act claims would have been futile because of the limitations issue, E.M. did not make this argument in the district court. We do not consider issues brought for the first time on appeal. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

E.M. also argues for the first time in his reply brief that administrative exhaustion is not required for at least some of his Rehabilitation Act claims because they do not mirror his IDEA claims. In the district court, E.M. did not dispute that his claims under both statutes had to be exhausted. E.M. also did not make this argument in his initial brief before this court. For both of these reasons, the issue has been forfeited. *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989).

In any event, E.M.'s Rehabilitation Act claims overlap with his IDEA claims. Both challenge the way the District supervised E.M. and reacted to his violent outbreaks, and both claims assert that the District's practices "hinder[ed] honest consideration of [E.M.'s] unique and individualized needs." The Supreme Court recently addressed how to determine whether claims under other statutes like the Rehabilitation Act that provide protection to those with disabilities overlap with, and are thus covered by, the IDEA's exhaustion requirement. *See Fry v. Napoleon Cmty. Sch.*, No. 15-497, 580 U.S. ___, 2017 WL 685533 (Feb. 22, 2017). We ask two questions. First, could the plaintiff have brought the same claim if the alleged conduct had occurred at a public facility that was not a school? Second, could a non-student at the school have brought the same claim? *Id*. at *12. If the answers to both questions are no, the Rehabilitation Act claims overlap with the IDEA claims and must be administratively exhausted. That is the case here, as all of E.M.'s

claims are directly related to the education he received while attending the District's school.

The judgment is AFFIRMED.