# United States Court of Appeals
# for the Fifth Circuit

No. 21-40316

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2022

Lyle W. Cayce
Clerk

Heather H., *individually and on behalf of minor child*, P.H. *an individual with a disability*; John H., *individually and on behalf of minor child*, P.H., *an individual with a disability*,

*Plaintiffs—Appellants*,

*versus*

Northwest Independent School District,

*Defendant—Appellee.*

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CV-823

Before Dennis, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:*

The Individuals with Disabilities Education Act requires state educational agencies that receive federal funding to perform a detailed evaluation to determine whether a potentially eligible child can receive

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40316

special education and related services.  The defendant school district evaluated the child and determined he was ineligible for services.  The child, along with his parents, then brought this suit.  A special education hearing officer concluded that the child's evaluation complied with the Act.  The district court affirmed the officer's decision.  The plaintiffs appealed here. We also AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

The child at the center of this suit is referred to as P.H.  He was enrolled for the 2018–2019 school year in kindergarten at an elementary school in the defendant Northwest Independent School District ("the District").  Prior to enrollment, P.H.'s parents provided the District with a private psychological evaluation that diagnosed P.H. with Autism Spectrum Disorder, General Anxiety Disorder, and separation anxiety.  Based on this evaluation, his parents requested that the District evaluate P.H. to determine whether he was eligible for special education and related services for autism. The District administered a full and individual initial evaluation ("FIE") to determine P.H.'s eligibility as required by the Individuals with Disabilities Education Act ("IDEA").  20 U.S.C. § 1414(a)(1)(A).

On November 30, 2018, the District held a meeting with an evaluation team to review P.H.'s FIE and determine his eligibility for services.  The team, composed of relevant professionals, reviewed P.H.'s FIE along with other sources such as information from the parent, school, and student.[1]  The team determined he did not qualify for services.  Several months later, on April 12, 2019, a different special education team for the District met to

---

[1] This process is required under the IDEA.  20 U.S.C. § 1414(b)(4).  In Texas, this team is called the "admission, review, and dismissal committee."  *Lisa M. v. Leander Indep. Sch. Dist.*, 924 F.3d 205, 209 (5th Cir. 2019) (first citing 19 Tex. Admin. Code § 89.1040(b); then quoting 34 C.F.R. § 300.306(c)(1)(i)).

evaluate whether P.H. was eligible for services under Section 504 of the Rehabilitation Act of 1973. This team considered the FIE in addition to other information. In December 2018, this team had determined that P.H. was ineligible for Section 504 services, but in the April meeting, the team determined P.H. could qualify for Section 504 services based on his anxiety.

During the Section 504 meeting, P.H.'s parents told the District they disagreed with the FIE. They questioned the validity of its conclusion that P.H. did not qualify for a disability under the IDEA and requested an Independent Educational Evaluation ("IEE") at public expense. The District denied this request and filed a due process complaint that sought a hearing to show the FIE was appropriate. In May and June 2019, prior to the hearing, P.H.'s parents obtained an IEE at their own expense. The IEE concluded P.H. qualified for educational services under the eligibility category of emotional disturbance based on his anxiety.

On September 12, 2019, a special education hearing officer ("SEHO") held a due process hearing to determine whether the FIE was appropriate. The SEHO found the FIE was appropriate and denied P.H.'s parent's request for reimbursement for the IEE. Two months later, P.H.'s parents, individually and on behalf of P.H., filed a complaint in the United States District Court, Eastern District of Texas. Plaintiffs sought general relief in the form of having the District make corrections to its policies under the IDEA. The complaint also sought reimbursement for the IEE they had obtained and to recover attorneys' fees and other expenses.

Both the District and Plaintiffs moved in district court for judgment on the administrative record. A magistrate judge issued a report and recommendation on these motions, recommending that the district court grant the District's motion and dismiss Plaintiffs' claims. The district court

No. 21-40316

overruled the Plaintiffs' objections and dismissed Plaintiffs' suit. Plaintiffs timely appealed to this court.

## DISCUSSION

The district court's review of the SEHO's decision is "virtually *de novo*." *Teague Indep. Sch. Dist. v. Todd L.*, 999 F.2d 127, 131 (5th Cir. 1993). The district court must "accord 'due weight' to the hearing officer's findings" but still "reach an independent decision based on a preponderance of the evidence." *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 252 (5th Cir. 1997).

In reviewing the district court's decision, we review legal questions *de novo* and factual questions for clear error. *See Klein Indep. Sch. Dist. v. Hovem*, 690 F.3d 390, 395 (5th Cir. 2012). "Mixed questions should be reviewed under the clearly erroneous standard if factual questions predominate, and *de novo* if the legal questions predominate." *Seth B. ex rel. Donald B. v. Orleans Par. Sch. Bd.*, 810 F.3d 961, 967 (5th Cir. 2016) (quotation marks and citation omitted). Under clear error review, underlying factual findings will not be reversed "unless we are left with a definite and firm conviction that a mistake has been committed." *R.P. ex rel. R.P. v. Alamon Heights Indep. Sch. Dist.*, 703 F.3d 801, 808 (5th Cir. 2012) (quotation marks and citation omitted).

We start with a brief background on the relevant statutes. The IDEA requires state educational agencies receiving federal funding to provide a "free appropriate public education" to children with disabilities. 20 U.S.C. § 1412(a)(1)(A). A "free appropriate public education" is an education that is "specifically designed to meet the child's unique needs, supported by services that will permit him to benefit from instruction." *Cypress-Fairbanks Indep. Sch. Dist.*, 118 F.3d at 247–48 (quotation marks and citation omitted).

Before an educational agency may design a program for a child, it is required to perform an FIE to determine whether the child is considered a

4

"child with a disability" under the IDEA and is therefore eligible for special education services.  20 U.S.C. § 1414(a)(1)(A).  The FIE must comply with the procedures and requirements in the IDEA.  *Id.*

Plaintiffs argue the district court erred in determining that the District's FIE complied with the IDEA.  They first argue the District's FIE was noncompliant because it failed to assess P.H. "in all areas of suspected disability."  *See* 20 U.S.C. § 1414(b)(3)(B).  Specifically, they say the District only evaluated P.H. for autism even though it should have suspected that P.H.'s anxiety might make him eligible for services under the "emotional disturbance" eligibility category.  In their view, P.H. also should have been evaluated for that category.[2]  The District responds that P.H. did not display anxiety in the school setting and therefore it could not have been on notice to evaluate P.H. for emotional disturbance conditions.  It further argues that the FIE's assessments actually covered P.H.'s "emotional and behavioral functioning," which would capture anxiety, so it did not overlook anything.

"Emotional disturbance" is a category within the term "child with a disability" that covers several conditions that would qualify a child for services.  34 C.F.R. § 300.8.  "Emotional disturbance" is defined as:

> [A] condition exhibiting one or more of the following characteristics over a long period of time and to a marked degree that adversely affects a child's educational performance:

---

[2] Plaintiffs also argue the District should have evaluated P.H. for the eligibility category "other health impairments."  This claim is unexhausted, though.  A claim is exhausted under the IDEA if the SEHO has issued "findings and decision" on the claim.  *Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 256 (5th Cir. 2017) (citing 20 U.S.C. § 1415(g)).  Plaintiffs did not raise this claim during the due process hearing, so the SEHO did not issue any findings or decision on Plaintiffs' other-health-impairment claim.  This claim is therefore not properly before this court.

No. 21-40316

(A) An inability to learn that cannot be explained by intellectual, sensory, or health factors.

(B) An inability to build or maintain satisfactory interpersonal relationships with peers and teachers.

(C) Inappropriate types of behavior or feelings under normal circumstances.

(D) A general pervasive mood of unhappiness or depression.

(E) A tendency to develop physical symptoms or fears associated with personal or school problems.

34 C.F.R. § 300.8(c)(4)(i). On appeal, Plaintiffs argue the District was on notice of P.H.'s potential emotional disturbance based on P.H.'s separation anxiety diagnosis in his initial private evaluation and one teacher's report that P.H. could sometimes be "overly emotional."

The evidence Plaintiffs identify does not raise suspicion that P.H. could qualify for services under the statutory definition of emotional disturbance. Emotional disturbance conditions must be "adversely affect[ing] a child's educational performance" to a marked degree. *See id.* There were no observations that P.H. exhibited anxiety in the school setting or that his educational performance was suffering, and his teachers observed that P.H. had a relatively normal transition into kindergarten. Moreover, the teacher report stating P.H. was sometimes "overly emotional" was accompanied with notes that indicate P.H.'s emotional behavior was otherwise typical. This evidence fails to show the FIE failed to assess P.H. "in all areas of suspected disability." 20 U.S.C. § 1414(b)(3)(B).

Even so, the District conducted assessments that, at least in part, assessed P.H.'s anxiety levels. The District administered the BASC-3 test, which assessed his behavior and emotional functioning. Plaintiffs acknowledged during the due process hearing that the FIE assessments covered P.H.'s anxiety, though they contended it did not do so sufficiently.

Certainly, then, the District did not overlook P.H.'s potential anxiety. Altogether, the district court did not err in affirming the SEHO's decision that the District properly assessed P.H. in all areas of suspected disability.

Plaintiffs also argue the FIE's assessments were noncompliant because they were administered improperly. First, they argue the District's decision to use two autism assessment tools, the CARS-2 and SRS-2, instead of another, the ADOS-II, violated the IDEA because the CARS-2 could not gather sufficient information to provide the data needed to properly evaluate the behaviors being assessed. This argument appears to relate to the statutory requirement that the educational agency must administer "assessment tools and strategies that provide relevant information that directly assist persons in determining the educational needs of the child." 20 U.S.C. § 1414(b)(3)(C).

Plaintiffs do not identify evidence showing the CARS-2 was actually deficient in providing relevant information that would allow the District to make an appropriate assessment of P.H.'s educational needs. *See id.* Plaintiffs' preference for one testing tool over another does not show the FIE was noncompliant. *See Board of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 207 (1982) (explaining the court's role is to determine whether the agency has met the requirements of the IDEA, not to decide what educational methods are arguably preferable). Accordingly, the district court did not err in affirming the SEHO's decision that the District's decision to administer the CARS-2 and SRS-2 was compliant.

Second, Plaintiffs argue the District failed to comply with the IDEA because it did not follow the assessment producer's instructions. The IDEA requires that "assessments and other evaluation materials" be "administered in accordance with any instructions provided by the producer of such assessments." 20 U.S.C. § 1414(b)(3)(A)(v). Plaintiffs say the

District violated this requirement because it did not obtain input from P.H.'s teacher when administering the SRS-2, as the test's instructions required.

Plaintiffs did not identify evidence that excluding P.H.'s teacher's report violated the producer's instructions. In fact, testimony from the FIE and IEE evaluators shows there was no reason to think that any of the administered tests failed to follow the instruction manual. We therefore cannot say the district court erred in affirming the SEHO's decision that the FIE was compliant.

Plaintiffs' last argument is that the district court erred when applying the burden of proof for IDEA due process hearings. The burden of proof is set out in regulations describing the administrative process once a parent requests an IEE. 34 C.F.R. § 300.502(b). These regulations state that once a parent requests an IEE, a public education agency must "either . . . [f]ile a due process complaint to request a hearing to show that its evaluation is appropriate; or . . . [e]nsure that [the child's IEE] is provided at public expense, unless the agency demonstrates in a hearing" that the IEE did not meet its criteria. *Id.*

Plaintiffs say the district court erroneously read this regulation in the disjunctive. They argue the District should have had to show both that its FIE was appropriate and that the IEE did not meet agency criteria to avoid reimbursement. This reading is incorrect. The statute plainly indicates the District needed to show one or the other. *See Seth B. ex rel. Donald B.*, 810 F.3d at 967–68, 970 (showing only one of the two options in Section 300.502(b) options must be met). The district court therefore did not err in affirming the SEHO's decision.

AFFIRMED.