# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2023

Lyle W. Cayce
Clerk

No. 22-50656

———

Alfredo Alvarez, *Parent of* J.A., *a minor child*, and Next friend,

*Plaintiff—Appellant*,

*versus*

Texas Education Agency,

*Defendant—Appellee*.

———

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-921

———

Before Richman, *Chief Judge*, and Stewart and Douglas, *Circuit Judges*.

Per Curiam:[*]

Alfredo Alvarez on behalf of his son, J.A., brought this suit against the Texas Education Agency ("TEA"). He argues that the TEA failed to create procedures for certain cognitively impaired students to obtain representation when they seek to enforce their rights under the Individuals with Disabilities Education Act ("IDEA"). These students include those who have turned 18,

———

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50656

who have not been deemed incompetent, but do not have the mental capacity to make their own decisions, provide informed consent, or complete a viable power of attorney. The IDEA includes a Special Rule which, if adopted, would lay the groundwork for the procedures necessary to appoint representation for this unprotected group. However, the district court held that only the Texas Legislature has the authority to enact the Special Rule and thus, Alvarez lacked standing. He appealed. Because the TEA does not have authority to adopt the Special Rule, we AFFIRM the district court's judgment.

## I. Factual & Procedural Background

### A. IDEA

The IDEA ensures that states provide necessary special education services to students with disabilities. *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 157 (2017). It does so by exchanging federal funds for a promise that students with disabilities receive a "free and appropriate public education" ("FAPE"). 20 U.S.C. § 1412(a)(1)(A); *Richardson Indep. Sch. Dist. v. Michael Z*, 580 F.3d 286, 292 (5th Cir. 2009). States generally fulfill this promise by tailoring students' education to their "unique needs . . . by means of an [individualized education program]."*Id*. (citing 20 U.S.C. § 1414(d)). An eligible child acquires a "substantive right" to such an education once a state accepts financial assistance under the IDEA. *Fry*, 580 U.S. at 158.

Parents can dispute the enforcement of this right if they feel that the state is not fulfilling its promise. The authority to enforce the right, however, transfers to the student once he or she reaches the age of 18, unless that 18-year-old "has been determined to be incompetent under State law." 20 U.S.C. § 1415(m)(1)(B) (allowing states to transfer parental rights to a student who has reached majority and has not been found incompetent); Tex. Educ. Code § 29.017 (transferring rights). On the other hand, if an

2

No. 22-50656

18-year-old student has *not* been deemed incompetent but has "a lesser degree of diminished capacity" preventing him or her "from providing informed consent," that student must look to the Special Rule. *Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 255 (5th Cir. 2017). It states:

> If, under State law, a child with a disability who has reached the age of majority under State law, who has not been determined to be incompetent, but who is determined not to have the ability to provide informed consent with respect to the educational program of the child, the State shall establish procedures for appointing the parent of the child, or if the parent is not available, another appropriate individual, to represent the educational interests of the child throughout the period of eligibility of the child under this subchapter.

*Id.* § 1415(m)(2); 34 C.F.R. § 300.520(b). Presently, Texas has not adopted the Special Rule.[1] *Reyes*, 850 F.3d at 255.

### B. *Alvarez, on behalf of J.A.*

In 2019, J.A. was a student receiving special education services at the Corpus Christi Independent School District (the "District") in Texas. When Alvarez believed that the District was not providing J.A. a FAPE, he filed a request for a special education due process hearing. At the time he filed this request, J.A. was 18 years old. Alvarez argued that the TEA had not developed a procedure to ensure that students like J.A. were fairly represented pursuant to the Special Rule. He also asked that the Special

---

[1] *See* Matthew S. Smith & Michael Ashley Stein, *Transfer of Parental Rights: The Impact of Section 615(m) of the Individuals with Disabilities Education Act*, 13 Drexel L. Rev. 987, 995 n.22 (2021) ("While the IDEA clearly does not require states to transfer parental rights to students when they become adults, it is less clear whether the IDEA requires or merely allows states to adopt procedures for appointing educational representatives for adult students deemed unable to give the consent required by the IDEA. The IDEA's legislative history suggests [the Special Rule] is permissive . . .").

Education Hearing Officer ("SEHO") appoint him as J.A.'s next friend pursuant to Texas Rule of Civil Procedure 44. *Id.* In response, the District argued that Alvarez did not have standing to bring the action because, as an 18-year-old, only J.A. had that authority. The SEHO agreed with the District and dismissed the case for lack of standing.

Instead of filing an administrative appeal, Alvarez brought the instant suit in federal court, on behalf of J.A. and other similarly situated students in Texas schools. He argued that the TEA denied these students a FAPE in violation of the IDEA and discriminated against them in violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. ("RA"). He also sought relief pursuant to 42 U.S.C. § 1983 and brought claims under the Texas Constitution. His prayer included injunctive and declaratory relief, nominal damages, and attorney's fees.[2] As part of his request, he sought an order requiring the TEA "to cease excluding J.A. and members of the [proposed class] from participation in, denying the benefits of, or subjecting to discrimination under any program or activity [that he or she] may otherwise be afforded under the IDEA." He also sought an order requiring the TEA "to immediately permit a parent," to continue representing his or her child after the child reaches "the age of majority, absent a guardianship proceeding that states otherwise."

When the TEA filed its initial motion to dismiss, it was denied. The magistrate judge determined that Alvarez had standing to bring this suit

---

[2] Although Alvarez sought nominal damages in his complaint, he has not argued that such damages are redressable to satisfy standing. Because this issue would therefore be waived, we do not address it. *See E.T. v. Paxton*, 41 F.4th 709, 718 n.2 (5th Cir. 2022) ("[A]rguments *in favor* of standing, like all arguments in favor of jurisdiction, can be forfeited or waived." (emphasis in original)).

against the TEA and recommended that he be allowed to proceed on all of his claims except the constitutional claims which were insufficiently pled. The district court adopted that recommendation in its entirety. Alvarez then filed a motion to certify the proposed class, and the district court denied the motion because he failed to meet the appropriate requirements under the class certification standard. *See* FED. R. CIV. P. 23. Later, Alvarez moved the district court to take judicial notice of the Texas Legislature's Senate Bill 2105, which sought to enact the Special Rule. In response, the district court stayed the case while the Texas Legislature considered the bill. When the bill "was left pending in committee and thus never voted on by either the Texas Senate or House of Representatives," the stay was lifted, and the case proceeded.

Thereafter, Alvarez sought judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The TEA opposed the motion and filed a second amended motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing inter alia that Alvarez lacked standing.

Upon review, the magistrate judge issued a report recommending that the district court grant the TEA's second amended motion to dismiss. According to the magistrate judge, the TEA "as a state agency, has no authority to enact the Special Rule; only the Texas Legislature has the power to amend § 29.017 of the Texas Education Code." She further stated that although she "previously determined that [Alvarez] had standing to bring this case, the parties' briefing of the instant motions and the introduction and failure of [S.B.] 2105 persuade[d]" her "that [Alvarez's] pending requests for relief [were] not redressable." She, therefore, recommended that Alvarez's suit be dismissed for lack of standing and declined to "address the parties' alternative arguments." The district court adopted the magistrate judge's report and recommendation and dismissed the suit without prejudice. Alvarez appealed.

No. 22-50656

Coincidently, during the pendency of this appeal, the very issue before us—adoption of the Special Rule—was introduced to the Texas Legislature again in House Bill 166. Alvarez moved this court to hold his appeal in abeyance "until after the legislative session is complete, so that the parties can determine, what if anything, still needs to be heard by this or any other panel." The motion was carried with this case, but before the court issued this decision, Alvarez advised this court that, although H.B. 166 was passed in the House and referred to the Education Committee in the Senate, the session ended before its resolution. Accordingly, we deny as moot Alvarez's motion to hold this appeal in abeyance and proceed to address his arguments on appeal.

## II. Standard of Review

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citation omitted). It is well settled that "the issue of standing is one of subject matter jurisdiction." *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). We "review[ ] a dismissal for lack of subject matter jurisdiction de novo." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 193 (5th Cir. 2012).

## III. Discussion

To establish Article III standing, a plaintiff must show inter alia that a favorable decision will redress their alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "For a plaintiff's claim to be redressable," that showing "must be 'likely, as opposed to merely speculative.'" *Dep't of Tex., Veterans of Foreign Wars of U.S. v. Tex. Lottery Comm'n*, 760 F.3d 427, 432 (5th Cir. 2014) (quoting *S. Christian Leadership Conf. v. Sup. Ct. of State of La.*, 252 F.3d 781, 788 (5th Cir. 2001)). The

question before us is whether the TEA has the authority to redress Alvarez's challenge to the State's lack of procedures under the IDEA's Special Rule.

Under the IDEA, states are given the authority to set up the enforcement procedures for achieving the IDEA's goals. 20 U.S.C. § 1415(a). Texas, through the TEA, administers the laws of the Texas Education Code and promulgates accompanying regulations. *See State ex rel. Dyer v. Sims*, 341 U.S. 22, 30 (1951) ("That a legislature may delegate to an administrative body the power to make rules and decide particular cases is one of the axioms of modern government."). Section 29.001 of the Texas Education Code mandates that the TEA:

> develop, and modify as necessary, a statewide design, consistent with federal law, for the delivery of services to children with disabilities in this state that includes rules for the administration and funding of the special education program so that a [FAPE] is available to all of those children between the ages of three and 21.

TEX. EDUC. CODE § 29.001. The statewide design must include "rules for the administration and funding of the special education program so that a [FAPE] is available to all of those children between the ages of three and 21." *Id.*

Additionally, as stated previously, Texas law provides that "[a] student with a disability who is 18 years of age or older . . . shall have the same right to make educational decisions as a student without a disability." TEX. EDUC. CODE § 29.017(a). "All other rights accorded to parents under [the IDEA] transfer to the student." *Id.* The same statute, however, states that "[t]he commissioner shall adopt rules implementing the provisions of 34 C.F.R. § 300.520(b), [i.e., the Special Rule]." *Id.* at § 29.017(f).

Throughout this case, Alvarez has made clear that adoption of the Special Rule is the primary relief that he seeks. For example, when nothing

came of S.B. 2105 before the Legislature, Alvarez notified the district court that "the Legislature once again failed to assure the civil rights of [students like J.A.]" and as a result, he was "look[ing] again to this court to cure the problem." Similarly, in his motion to this court, he stated that H.B. 166 would "substantially streamline if not negate the questions raised by this appeal." It therefore appears that Alvarez is improperly looking to the courts to fulfill a task that the Texas Legislature has not completed.

According to Alvarez, the Texas Legislature gave the TEA broad authority under § 29.001 and express authority under § 29.017(f) to implement procedures consistent with the Special Rule. As such, he argues that the district court erred in determining that his claims are not redressable. The TEA, on the other hand, contends that Alvarez lacks standing because he is "seeking wholesale adoption of the Special Rule," and the "TEA cannot adopt it absent substantive changes to State law by the Texas Legislature." The TEA emphasizes that under Texas law an individual who has reached the age of majority is either competent and capable of providing informed consent or incompetent. Because the State's laws do not contemplate a middle ground, the TEA argues that it "cannot develop procedures under the Special Rule" until the Texas Legislature makes substantive changes in its law regarding the transfer of rights.

We agree with the TEA that it lacks authority to implement procedural mechanisms under the Special Rule absent legislative action. Alvarez's argument—that § 29.001 gives the TEA broad authority to develop these procedures—misses the mark. Alvarez cites *Texas Advocates Supporting Kids With Disabilities v. Texas Education Agency*, 112 S.W. 3d 234, 236 (Tex. App.—Austin, 2003) to show an example of when the TEA has adopted rules consistent with the IDEA, even when it "had no specific statutory authority to do so." However, the TEA does not dispute that it has broad authority to implement rules consistent with the purpose of the IDEA.

Rather, the TEA's argument hinges on its lack of authority to develop procedures that are inconsistent with the rules that the Texas Legislature already has in place. Indeed, the TEA cannot divorce the general authority allotted under § 29.001 from the other provisions in the statute. *See United States v. Atl. Rsch. Corp.*, 551 U.S. 128, 135 (2007).

Alvarez's argument—that the TEA has express authority—is likewise unfounded. Section 29.017(a) makes clear that an adult student with a disability "shall have the same right to make educational decisions as a student without a disability" and that all other rights "transfer to the student." That is, under current Texas law, a student with a disability that reaches the age of majority and has not been deemed incompetent has equal rights as his or her counterparts that do not have a disability, and thus, must make decisions on his or her own behalf or seek guardianship. *See* §§ 29.017(a)-(c-3). He provides no support for the proposition that the TEA can bypass the legislature and institute procedural mechanisms to the contrary. *See El Paso Cnty., Tex. v. Trump*, 982 F.3d 332, 341 (5th Cir. 2020) (finding no redressability where county failed to demonstrate "a substantial likelihood that the requested relief [would] remedy the alleged injury in fact" (internal quotation and citation omitted)).

Instead, Alvarez relies on the language in § 29.017(f) which states that "[t]he commissioner shall adopt rules implementing the provisions of [the Special Rule]." Tex. Educ. Code § 29.017(f). But he ignores that the Special Rule is contingent upon whether a state recognizes a situation where an adult student who has not been deemed incompetent, can nevertheless be determined to lack the ability to provide informed consent. *See* § 1415(m)(2) ("If, under State law, a child . . . is determined not to have the ability to provide informed consent . . . , the State shall establish procedures . . . "). Currently, Texas does not recognize that contingency and is among a number of other states that have not adopted the Special Rule. *See* Smith, *supra* note

1, at 1025 (recognizing that only 18 states have established procedures pursuant to the Special Rule). Because Alvarez provides no argument which negates the Legislature's sole authority to amend § 29.017 to achieve his requested relief, we see no basis for the TEA's authority.[3]

This determination is bolstered by the Legislature's recent activity aiming to amend the language of § 29.017 to expressly adopt the Special Rule and a procedural mechanism through which students like J.A. can seek a determination that they do not "have the ability to provide informed consent with respect to the educational program." § 1415(m)(2); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) ("[S]tanding . . . serves to prevent the judicial process from being used to usurp the powers of the political branches."(citations omitted)). Accordingly, Alvarez has failed to

---

[3] Alvarez's alternative argument does not shift this analysis. He states that the TEA can redress his injuries because it can require SEHOs to appoint a next friend for students like J.A. under Texas Rule of Civil Procedure 44. But he provides no caselaw or support for this argument. Nor does he describe how Rule 44 applies to students like J.A., how it can be determined that these students are non compos mentis, and what control the TEA has over SEHOs and the procedural decisions they make in other cases not presently before this court for review.

No. 22-50656

allege injuries which can be redressed by a favorable decision, and, as a result, he lacks standing to bring this suit.[4]

## IV. Conclusion

We AFFIRM the district court's dismissal of Alvarez's suit.

---

[4] Alvarez also takes issue with the district court's failure to address his ADA and RA claims. However, the district court properly disposed of those claims after finding that the IDEA claims were not redressable. Alvarez's own framing of his argument explicitly tied the TEA's violation of the IDEA to his ADA and RA claims. "In his *Amended Complaint* J.A. argued that he, and other students similarly situated, had plausible claims of discrimination based upon disability pursuant to both Section 504 of the Rehabilitation act of 1973, 29 U.S.C. 794 ("Rehab Act") and the Americans with Disabilities Act, 42 U.S.C. 12131 *et seq.* ("ADA") *because of the State's failure to assure their rights were protected under the Individuals with Disabilities Act.*" (emphasis added). Accordingly, the district court properly dismissed all claims for lack of standing and did not proceed to the merits. *See Lower Colo. River Auth. v. Papalote Creek II, LLC*, 858 F.3d 916, 927 (5th Cir. 2017); *Ctr. for Biological Diversity v. U.S. Env't Prot. Agency*, 937 F.3d 533, 545 (5th Cir. 2019) ("Because Petitioners lack standing, we do not reach the merits of their claims."). Accordingly, in affirming the district court's holding, we also do not reach the merits of Alvarez's ADA and RA claims.